E-FILED
Friday, 23 August, 2024   09:00:14 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| PAUL BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:20-cv-03261-SLD-JEH |
| | ) | |
| | ) | |
| WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.**
**A.**

This cause is before the undersigned magistrate judge on referral from Chief United States District Judge Sara L. Darrow for a Report and Recommendation on whether the Plaintiff exhausted his administrative remedies. Plaintiff, Paul Blake, an inmate with the Illinois Department of Corrections (IDOC) at Western Illinois Correctional Center (Western), filed a complaint alleging that Defendant, Wexford Health Sources, Inc. (Wexford), which is a private corporation contracted by the State of Illinois and the IDOC to provide medical care to inmates, violated his Constitutional rights related to the medical care (or lack thereof) that he received for his hernia while at Western. D/E 1. More specifically, Plaintiff alleges that the medical staff at Western refused to provide any other medical treatment or care to him because Wexford, in order to save money, maintained a policy or practice of denying treatments for hernias

1

with the exception of providing an ineffective hernia belt, even though the medical staff whom Wexford employs knew that the hernia belts are ineffective and knew that other treatments are necessary, such as surgery. *See* 42 U.S.C. § 1983; *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). On January 4, 2024, Wexford filed a motion for summary judgment based upon the issue of exhaustion as required by the Prison Litigation Reform Act (PLRA), arguing that Plaintiff filed only two grievances relevant to his *Monell* claim and those two grievances were procedurally defective. D/E 35. On August 6, 2024, the undersigned conducted an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and the exhaustion issue is now ripe for resolution. For the reasons stated, *infra*, the undersigned recommends the motion for summary judgment be GRANTED.

**B.**

Although Plaintiff submitted several grievances while at Western, he submitted only two grievances that are relevant to his *Monell* claim in this case. The first grievance is Grievance Number 19-2572. Grievance Number 19-2572 is dated November 4, 2019, and the Administrative Review Board (ARB) received that Grievance on November 26, 2019. This Grievance was misplaced by an IDOC employee, and the Grievance is not in Plaintiff's ARB file. However, Grievance Number 19-2572 was entered into the cumulative counseling summary system. Ultimately, Grievance Number 19-2572 was returned to Plaintiff on December 2, 2019, for failure to include the original grievance, the response, and dates of the incident being grieved.

The second grievance is Grievance Number 20-1794. Grievance Number 20-1794 is dated May 22, 2020, and the ARB received that Grievance on August 5, 2020. In Grievance Number 20-1794, Plaintiff alleged that, in May 2013, while at the Stateville Correctional Center, Plaintiff noticed what he believed to be a hernia. In 2015, Plaintiff reported his hernia to sick call, and he was told that the medical personnel could only issue a hernia belt to him because Wexford only repairs hernias in emergency situations. While at Stateville Correctional Center, Plaintiff was seen in the healthcare unit multiple times from April 23, 2015, through September 20, 2016, and he received a hernia belt on October 8, 2015.

On November 3, 2016, Plaintiff was transferred to Western. While at Western, Plaintiff was seen at the healthcare unit for his hernia multiple times from June 22, 2017, through December 2019. Plaintiff was also seen in a local hospital's emergency department on December 5, 2019, and on December 7, 2019, due to his hernia protruding and not retracting.

Thereafter, Plaintiff received further medical treatment, but Plaintiff believed that the medical treatment that he received was inadequate and did not alleviate his hernia pain. Accordingly, Plaintiff submitted Grievance Number 20-1794 on May 22, 2020. Based on his review of Plaintiff's Grievance, the Grievance Officer recommended that Plaintiff's Grievance be denied as moot on July 29, 2020, and the Chief Administrative Officer (CAO) concurred with that recommendation on July 30, 2020. On August 21, 2020, the ARB returned Plaintiff's Grievance to him because he failed to submit the Grievance in the timeframe outlined in Department Rule 504.

## II.

In its summary judgment motion, Wexford argues that neither of these two Grievances satisfies Plaintiff's exhaustion requirements. Initially, Wexford argues that the filing of these two Grievances—along with the numerous other grievances that Plaintiff submitted—demonstrate that the grievance process was available to him. As for Grievance Number 19-2572, Wexford argues that the Grievance did not satisfy Plaintiff's exhaustion requirements because Plaintiff failed to comply with Illinois' exhaustion rules, in that, he did not provide the original written Grievance, a copy of the Grievance, and the dates for which the incidents occurred to the ARB.

As for Grievance Number 20-1794, Wexford contends that this Grievance does not satisfy Plaintiff's exhaustion requirement either. Similar to Grievance Number 19-2572, Plaintiff failed to submit this Grievance in a timely matter to the ARB as required by Illinois' administrative remedies. Accordingly, Wexford argues that Plaintiff failed to properly exhaust his administrative remedies as to his *Monell* claim against it, and therefore, Wexford is entitled to summary judgment.

In response, Plaintiff asserts that, during the relevant time, Tara Goins was a grievance officer at Western. D/E 38. Plaintiff further alleges that Ms. Goins would routinely respond to his questions about his grievances by advising him that his grievances were being reviewed or processed, but then, the deadlines for his grievances would expire and would be denied on that basis.

In addition, Plaintiff states that Ms. Goins would frequently discard inmates' grievances, including his. As is relevant to his claim against Wexford, Plaintiff states

that Ms. Goins discarded a grievance that he submitted in August of 2018 to which he never received a response. As such, Plaintiff argues that he has done all that he could do in order to exhaust his administrative remedies, and the fact that he may not have done so properly is not attributable to him. Rather, the administrative review process was unavailable to him due to Ms. Goins' actions and inactions, and therefore, the Court should deny Wexford's summary judgment motion.

### III.
### A.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or

admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## B.

The PLRA requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

No futility, sham, or substantial compliance exception exists to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even

though surgery was performed and only money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001)(the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *Pavey*, 544 F.3d at 742. If the Court

finds that the prisoner did not exhaust his administrative remedies, the Court determines whether: (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. *Id*.

Illinois has established an internal administrative grievance system for prisoners to complete in order to correct a problem that the prisoner encounters within the prison setting. 20 Ill. Admin. Code § 504.810 *et seq*. Under the current grievance procedures, a prisoner may file a written grievance with his grievance officer within sixty (60) days of discovery of the dispute. *Id*. The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint . . . [or] as much descriptive information about the individual as possible." *Id*.

 The grievance officer is then required to review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill. Adm. Code § 504.810(c). The prisoner then has the opportunity to review the CAO's response. 20 Ill. Adm. Code § 504.830(e). If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the AR within thirty (30) days of the CAO's decision. 20 Ill. Adm. Code § 504.850. The ARB is required to make a final determination of the grievance within six months after

receiving it. *Id*. Completion of this process exhausts a prisoner's administrative remedies.

## C.

The undersigned finds that Plaintiff failed to exhaust properly his administrative remedies before he filed this lawsuit as required by the PLRA. The undersigned further finds that neither Grievance Number 19-2572, nor Grievance Number 20-1794 satisfied Plaintiff's exhaustion obligation before he filed this lawsuit.

As for Grievance Number 19-2572, that Grievance is dated November 4, 2019, and the ARB received Grievance Number 19-2572 on November 26, 2019. The ARB retuned Grievance Number 19-2572 to Plaintiff on December 2, 2019, for failure to provide the original written Grievance, for failure to provide a copy of the Grievance, and for failure to provide the dates on which the incidents occurred. As such, Grievance Number 19-2572 cannot satisfy Plaintiff's exhaustion requirements because Plaintiff failed to follow IDOC's administrative procedures with respect to this Grievance. 20 Ill. Admin. Code § 504.850(A).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each stop within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. "[P]ursuing a premature, procedurally flawed grievance through the entire administrative process does not constitute exhaustion. The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve

exhaustion; substantial compliance is insufficient." *Wilder v. Sutton*, 2008 WL 515506, * 9 (S.D. Ill. Feb. 22, 2008)(citing *Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002)). Because Plaintiff did not properly follow Illinois' grievance procedure, Grievance Number 19-2572 cannot serve as the basis for satisfying his exhaustion requirements.

As for Grievance Number 20-1794, that Grievance is dated May 22, 2020, and the ARB received it on August 5, 2020. Although Grievance Number 20-1794 was related to Wexford's alleged unconstitutional policies and the effect those alleged unconstitutional policies had on the treatment that he received for his hernia, the evidence shows that Plaintiff failed to submit Grievance Number 20-1794 to the ARB timely. 20 Ill. Admin. Code § 504.810. According to Grievance Number 20-1794, Plaintiff was grieving the lack of medical treatment that occurred (or failed to occur) sometime between October of 2018 and January of 2019. By the time the CAO reviewed Grievance Number 20-1794 nearly two years later, the issue had been mooted by the treatment that Plaintiff received.

Regardless, the evidence is clear that Plaintiff did not submit Grievance Number 20-1794 within sixty (60) days of discovery of the issue that was the subject of the grievance as required by Illinois law. 20 Ill. Admin. Code § 504.810. Accordingly, Grievance Number 20-1794 cannot serve as the basis for satisfying his exhaustion requirements.

Finally, the Court finds, based upon the evidence presented, that the grievance process was available to Plaintiff. Plaintiff filed several grievances during the relevant

timeframe, and therefore, he would be hard-pressed to argue that the grievance process was unavailable to him for lack of an understanding of the grievance requirement.

Furthermore, the Court finds Tara Goins' testimony to be more credible than Plaintiff's testimony. Plaintiff argues that the grievance process was unavailable to him because Ms. Goins (who was a correctional counselor and a grievance officer at the relevant time) lost or destroyed his grievances. Plaintiff further contends that Ms. Goins lulled him into a belief that his grievances would be timely resolved, and Ms. Goins's assurances that his grievances would be processed properly is the reason why his grievances were denied by the ARB for procedural issues.

But Ms. Goins denied that she ever destroyed Plaintiff's Grievances. *See* Hrg. Tr. pgs. 30-32. In addition, Ms. Goins denied that she had any personal animosity towards Plaintiff that would cause her to interfere with Plaintiff's ability to complete the grievance process properly. *Id*. Upon having the opportunity to hear Ms. Goins' testimony on this issue and to observe her when she provided this testimony, the undersigned finds Ms. Goins to be more credible on this issue than Plaintiff. Based upon this finding, the Court further finds that the administrative review process was not unavailable to Plaintiff based upon his allegation that Ms. Goins destroyed his relevant grievances.

Finally, the Court rejects Plaintiff's argument (to the extent that he is making such an argument) that the administrative review process was unavailable to him based upon any alleged conversations that occurred between Ms. Goins and Plaintiff. Plaintiff testified that he spoke with Ms. Goins about his hernia issues while he was in Ms.

Goins's office. *See* Hrg. Tr. at pgs. 63-64. But simply speaking with an IDOC correctional officer about an issue does not satisfy the prisoner's exhaustion requirements. *Pozo*, 286 F.3d at 1025. And again, the undersigned finds Ms. Goins to be more credible than Plaintiff on whether she assured him that his grievances would be processed while they spoke in Ms. Goins's office. *See* Hrg. Tr. at pgs. 31-32. Ms. Goins denied that she ever had a conversation with Plaintiff regarding his grievances that was not documented, and based upon this testimony which the undersigned credits over Plaintiff's testimony, the undersigned finds that the administrative review process was available to Plaintiff. *Id*.

**V.**

For the reasons stated, *supra,* the undersigned finds Plaintiff failed to exhaust his administrative remedies related to the claims he makes in this case and, therefore, recommends that Wexford's motion for summary judgment be GRANTED. D/E 35.

The Parties are advised that any objection to this Report and Recommendation must be filed—in writing—with the Clerk of the Court within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

*It is so Recommended.*

Entered this 23rd day of August, 2024

s/Jonathan E. Hawley
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE