E-FILED
Tuesday, 24 September, 2024  09:54:10 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Cause No.: 20-3261-SLD-JEH** |
| | ) | |
| | ) | |
| WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This cause is before the Court on Defendant Wexford Health Sources, Inc.'s ("Wexford") motion for summary judgment regarding exhaustion of administrative remedies and on Plaintiff Paul Blake's objections to the Report and Recommendation entered by United States Magistrate Judge Jonathan E. Hawley, in which Magistrate Judge Hawley recommended that this Court grant Wexford's motion for summary judgment and dismiss this case based upon Plaintiff's failure to exhaust properly his administrative remedies before he filed this lawsuit as required by the Prison Litigation Reform Act ("PLRA").

On October 5, 2020, Plaintiff filed this case, under 42 U.S.C. § 1983, alleging that Wexford violated his Constitutional rights. Specifically, Plaintiff alleged that Wexford maintained a policy, practice, or procedure that refused or delayed appropriate hernia treatment to inmates within the Illinois Department of Corrections ("IDOC"), including denying and delaying appropriate hernia treatment to him, in order to save money and

costs. Thereafter, the Court conducted a merit review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A, and found that Plaintiff's Complaint stated a claim against Wexford pursuant to the United States Supreme Court's holding in *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

On January 4, 2024, Wexford filed a motion for summary judgment, arguing that Plaintiff had failed to exhaust his administrative remedies properly and timely as required by the PLRA before he filed this suit. In response, Plaintiff argued that he had, in fact, exhausted all available administrative remedies. In addition, Plaintiff contended that, to the extent that he failed to do so, his failure to exhaust was because the remedies were not available to him. Therefore, Plaintiff asserts that the unavailability of the administrative remedies relieved him of his obligations under the PLRA.

Upon review of the Parties' briefs and the arguments contained therein, this Court determined that an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), was necessary in order to rule upon Wexford's motion for summary judgment. Accordingly, the undersigned referred Wexford's motion for summary judgment and the need for an evidentiary hearing under *Pavey* to United States Magistrate Judge Jonathan E. Hawley for consideration and to issue a Report and Recommendation on Wexford's motion for summary judgment.

On August 6, 2024, Magistrate Judge Hawley conducted the *Pavey* hearing that was necessary to rule upon Wexford's motion for summary judgment. On August 23, 2024, Magistrate Judge Hawley issued his Report and Recommendation in which he recommended that this Court grant Wexford's motion and which recommended that

2

this Court dismiss this case based upon Plaintiff's failure to exhaust his administrative

remedies properly and timely as required by the PLRA before he filed this suit.

According to Magistrate Judge Hawley, Plaintiff understood his responsibility to

exhaust his administrative remedies before he sought any type of relief in federal court

for any alleged violations of his Constitutional rights. Magistrate Judge Hawley also

concluded, after hearing and considering the evidence presented at the *Pavey* hearing,

that the IDOC's administrative remedies were available to Plaintiff at the IDOC's

Western Illinois Correctional Center where Plaintiff was an inmate during the relevant

time, but Plaintiff simply failed to follow these procedures correctly and completely

before he filed this lawsuit. Therefore, Magistrate Judge Hawley recommended that this

Court grant Wexford's motion and that this Court dismiss this case.

Plaintiff has now timely filed objections to Magistrate Judge Hawley's Report

and Recommendation pursuant to Federal Rule 72 and 28 U.S.C. § 636. In his objections,

Plaintiff argues that Magistrate Judge Hawley erred in his Report and Recommendation

because the evidence showed that he submitted three timely grievances regarding his

serious medical condition, *i.e.*, his hernia. Plaintiff further argues that the evidence

showed that he was lulled into inaction by the representations made to him by

Grievance Officer Tara Goins. Plaintiff points to the testimony of his two witnesses who

confirmed that Grievance Officer Goins often lost or destroyed inmates' grievances. As

such, Plaintiff contends that the evidence showed that Grievance Officer Goins either

lost or destroyed his relevant grievances, and then, Grievance Officer Goins advised

Plaintiff to do nothing with regard to his relevant grievances until it was too late for

3

him to proceed on those grievances. Because his failure to exhaust was due to Grievance

Officer Goins' actions and inactions, Plaintiff argues that the grievance process was

unavailable to him, and Magistrate Judge Hawley erred in concluding otherwise.[1]

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is
> referred to a magistrate judge to hear and decide, the magistrate judge
> must promptly conduct the required proceedings and, when appropriate,
> issue a written order stating the decision. A party may serve and file
> objections to the order within 14 days after being served with a copy. A
> party may not assign as error a defect in the order not timely objected to.
> The district judge in the case must consider timely objections and modify
> or set aside any part of the order that is clearly erroneous or is contrary to
> law.

*Id*. Under this standard, "the district court can overturn the magistrate judge's ruling

only if the district court is left with the definite and firm conviction that a mistake has

been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997);

*Saunders v. City of Chicago*, 2017 WL 36407, * 8 (N.D. Ill. Jan. 4, 2017)(quoting *Weeks*, 126

F.3d at  943 ("Magistrate judges have 'extremely broad discretion in controlling

discovery' when matters are referred to them for discovery supervision.").

Indeed, absent a ruling that is "contrary to law," a magistrate judge's decision

will be set aside only if it "clearly erroneous." Fed. R. Civ. P. 72(a). An order is "clearly

erroneous only when "the district court is left with the definite and firm conviction that

a mistake has been made." *Saunders*, 2017 WL 36407, at *8 (quoting *Weeks*, 126 F.3d at

---

[1] Wexford has not responded to Plaintiff's Objections, and the time for Wexford to do so
under Federal Rule 72(b) has expired.

943). "If 'there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view.'" *Id.* (quoting *Ball v. Kotter*, 2009 WL 3824709, * 3 (N.D. Ill. Nov. 12, 2009)).

In the instant case, the Court cannot say that Magistrate Judge Hawley clearly erred in his Report and Recommendation in which he recommended that this Court find that Plaintiff failed to exhaust properly his administrative remedies before he filed this lawsuit as required by the PLRA, that this Court grant Wexford's motion for summary judgment, and that this Court dismiss this case. As such, the Court agrees with and accepts Magistrate Judge Hawley's Report and Recommendation.

As for Grievance Number 19-2572, Magistrate Judge Hawley correctly found that that Grievance is dated November 4, 2019, and that the ARB received Grievance Number 19-2572 on November 26, 2019. The ARB retuned Grievance Number 19-2572 to Plaintiff on December 2, 2019, for failure to provide the original written Grievance, for failure to provide a copy of the Grievance, and for failure to provide the dates on which the incidents occurred. As such, Magistrate Judge Hawley correctly found that Grievance Number 19-2572 cannot satisfy Plaintiff's exhaustion requirements because Plaintiff failed to follow IDOC's administrative procedures with respect to this Grievance. 20 Ill. Admin. Code § 504.850(A). *Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

As for Grievance Number 20-1794, Magistrate Judge Hawley correctly determined that this Grievance is dated May 22, 2020, and that the ARB received it on

August 5, 2020. Although Grievance Number 20-1794 was related to Wexford's alleged unconstitutional policies and the effect those alleged unconstitutional policies had on the treatment that he received for his hernia, the evidence shows that Plaintiff failed to submit Grievance Number 20-1794 to the ARB timely. 20 Ill. Admin. Code § 504.810.

According to the Grievance itself, Plaintiff was grieving the lack of medical treatment that occurred (or failed to occur) sometime between October of 2018 and January of 2019. By the time the CAO reviewed Grievance Number 20-1794 nearly two years later, the issue had been mooted by the treatment that Plaintiff received. Regardless, the evidence is clear that Plaintiff did not submit Grievance Number 20-1794 within sixty (60) days of discovery of the issue that was the subject of the grievance as required by Illinois law. 20 Ill. Admin. Code § 504.810. Accordingly, Grievance Number 20-1794 cannot serve as the basis for satisfying his exhaustion requirements.

Finally, the Court agrees with Magistrate Judge Hawley that the grievance process was available to Plaintiff. Plaintiff filed several grievances during the relevant timeframe, and therefore, he would be hard-pressed to argue that the grievance process was unavailable to him for lack of an understanding of the grievance requirement.

As for Plaintiff's argument regarding the destruction or misplacement of grievances by Tara Goins, Magistrate Judge Hawley had the opportunity to hear Ms. Goins' testimony and to judge her credibility first-hand. Magistrate Judge Hawley found Ms. Goins' testimony (including her testimony that she never destroyed an inmate's grievance and that she never destroyed Plaintiff's grievances including the last third grievance) to be more credible than Plaintiff's testimony and more credible than

Plaintiff's witnesses' testimony on this issue. Plaintiff has offered no evidence or argument with which to convince the Court that Magistrate Judge Hawley erred in making this determination.

**IT IS, THEREFORE, ORDERED:**

1. **United States Magistrate Judge Jonathan E. Hawley's August 23, 2024 Report and Recommendation [57] is ACCEPTED and ADOPTED by the Court.**

2. **Plaintiff's objections to United States Magistrate Judge Jonathan E. Hawley's August 23, 2024 Report and Recommendation [59] are OVERRULED.**

3. **Defendant's motion for summary judgment regarding exhaustion of administrative remedies [35] is GRANTED.**

4. **Accordingly, the Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

5. **If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

6. **If he wishes to proceed** *in forma pauperis* **on appeal, Plaintiff's motion for leave to appeal** *in forma pauperis* **must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards,* **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for**

appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7.      If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 24th day of September, 2024

_____/s  Sara L. Darrow_____
SARA L. DARROW
CHIEF UNITED STATES DISTRICT JUDGE